Judith A. Downs, State Bar No. 019442
Christopher D. Graham, State Bar No. 019105
**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
3200 North Central Avenue, Suite 2300
Phoenix, Arizona 85012
Telephone: (602) 256-0000
Facsimile: (602) 256-2488
Judith.Downs@knchlaw.com
Christopher.Graham@knchlaw.com
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| **In re:** | **CHAPTER 11**<br>**CASE NO. 2:08-bk-14253-GBN** |
|---|---|
| **GREGORY S. HANCOCK,** | **MOTION FOR ENTRY OF ORDER GRANTING FINAL DECREE CLOSING THIS CASE** |
| **Debtor.** | **(Assigned to Judge George B. Nielsen )** |

Debtor, Gregory S. Hancock, pursuant to Rules 3022 and 5009, Federal Rules of Bankruptcy Procedure and § 350 of the Bankruptcy Code, hereby requests this Court to enter a final decree closing this case. Under Bankruptcy Rule 3022 and § 350 of the Bankruptcy Code, it is appropriate for the court to enter a final decree once a confirmed Chapter 11 plan has been administered.

The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on October 15, 2008. Debtor's Third Amended Plan of Reorganization was confirmed on March 31, 2010 (the "Plan").

To determine if an estate has been fully administered, it is informative to evaluate the commentary associated with Rule 3022, Federal Rules of Bankruptcy Procedure. A 1991 Advisory Committee Note provides:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by

1

the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Each of these factors has been satisfied at this time with the exception of potential distributions to AWH Ventures, Inc. ("AWH") and Anne Martin Hancock. Both Anne Martin Hancock and AWH are entitled to potential future distributions under the Plan. These potential future distributions arise from a Professional Litigation Claim as defined in paragraph 1.118 of the Plan. Certain Defendants in the Professional Litigation lawsuit settled with Debtor, resulting in monies being paid by these Defendants, with Frisbee & Bostock remaining as the sole Defendant. Under the paragraph 2.14 of the Plan, AWH is "entitled to receive 35% of the amount that the Debtor receives from the Professional Litigation Proceeds, not to exceed $800,000.00." Anne Martin Hancock is entitled to receive "fifty percent of the Professional Litigation Proceeds that remain after payment of Administrative Claims, and Class 6.D Claims to the extent such Claims as Allowed." *See,* paragraph 2.5 of the Plan. Both AWH and Anne Martin Hancock received their distributions from the Settling Defendants and, in the event Debtor receives monies from the remaining Defendant, AWH and Ms. Hancock will be entitled to distributions in the percentages as outlined. Although a dispute arose with respect to the amount AWH was to receive from the Professional Litigation Proceeds, Debtor and AWH were able to resolve the dispute and entered into a settlement agreement regarding both the distribution already received from the Settling Defendants and any future distribution from the remaining Defendant.

As indicated by 1991 Advisory Committee Note to Rule 3022, Federal Rules of Bankruptcy Procedure, the Entry of a final decree closing a Chapter 11 case should not be delayed solely because the payments required by the Plan have not been completed. A final decree closing the case does not deprive this Court of jurisdiction to enforce or interpret its own orders, and does not prevent this Court from reopening pursuant to § 350(b) of the Code. *See, In re Jordan Manufacturing Company, Inc.* 138 B.R. 30 (Bankr. C.D. Ill. 1992); *In re Johnson*, 402 B.R. 851 (Bankr.N.D. Ind. 2009).

Given the foregoing, Debtor respectfully requests this Court to enter an order granting Debtor's motion and enter a final decree closing this case. A proposed form of Order is submitted to this Court herewith.

DATED this 10th day of February, 2011

                                      **KOELLER NEBEKER CARLSON & HALUCK, LLP**

                                      By <u>*/s/ Judith A. Downs*</u>
                                            Judith A. Downs
                                            Christopher D. Graham
                                            *Attorneys for Debtor*

**Original** e-filed this 10th day of February, 2011, with
the U.S. Bankruptcy Court - District of Arizona

AND upon the registered participants
via the U.S. Bankruptcy Court ECF System.

**By:** <u>*Karen Jones*</u>